UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JADARIUS WOODS,

        **Plaintiff,**

                              **Case No. 1:25-cv-420**

      v.

                              **JUDGE DOUGLAS R. COLE**

GREENWOOD MOTOR LINES,
INC.,

        **Defendant.**

## OPINION AND ORDER

Plaintiff Jadarius Woods moves for leave to file an Amended Complaint that adds a new party as his employer and that slightly expands his claims. (*See* Doc. 8). As explained below, and mindful of the "general principle that cases should be tried on their merits rather than the technicalities of pleadings," *Med. Ctr. at Elizabeth Place, LLC v. Atrium Health Sys.*, 922 F.3d 713, 732–33 (6th Cir. 2019) (cleaned up), the Court finds that leave to amend is warranted. Thus, the Court **GRANTS** Woods' motion.

## BACKGROUND[1]

Woods formerly worked as a dock worker at a North Carolina terminal. (Compl., Doc. 1, #2). He alleges a number of employees there harassed him, seemingly based on his (at least perceived) sexual orientation. First, Woods claims he "was subjected to harassment and unequal scrutiny by supervisors," specifically his

---

[1] This background is taken from the allegations in Woods' Complaint, so the reader has the necessary background for understanding the Court's opinion. But as the Court is relying on allegations, it provides the caveat that they are just that—allegations.

Forklift Supervisor David Brock and Terminal Manager Dan Budrich. (*Id.*). On top of that, he claims Brock and another employee, Noah, directed several slurs at him, and Noah specifically made a variety of other inappropriate comments that, taken together, created a hostile work environment. (*Id.* at #3–4). When Woods attempted to report this harassment to a different manager, that manager downplayed his concerns and proceeded to make "disturbing comments, including asking hypotheticals about rape, consent, and what would be considered harassment." (*Id.* at #3 (listing hypotheticals)).

As a result of the harassment, Woods took medical leave to take care of his mental health, specifically PTSD, anxiety, and depression. (*Id.* at #4). And his "doctor recommended a shift change as a reasonable accommodation so that he would not have to be in the hostile work environment." (*Id.*). But when he attempted to change his shift, a human resources representative denied his request, denied a follow-up request to change positions, and generally "ignored his concerns." (*Id.* at #4–5). So Woods quit, declaring his resignation a "constructive discharge." (*Id.* at #5). Even after that, though, his employer apparently "sent the police to Woods' house to do a welfare check" to further "harass and retaliate against" him. (*Id.*).

Woods filed a complaint with the Equal Employment Opportunity Commission (EEOC). (*Id.* at #2). On February 25, 2025, the EEOC issued a determination letter, "finding there was reasonable cause to believe that R+L subjected Woods to disability discrimination, a sexually hostile work environment, and constructively discharged him from his employment." (*Id.* at #5). Despite that finding, though, the EEOC

declined to pursue the matter and instead, on April 3, 2025, issued Woods a Right to Sue Notice. (*Id.* at #2).

Armed with that letter, on June 23, 2025, Woods sued the entity he thought was his employer, Greenwood Motor Lines, d/b/a R+L Carriers. (*Id.* at #1). He asserted eight claims: (1) sexual harassment in violation of Title VII, (2) retaliation in violation of Title VII, (3) sexual harassment in violation of Ohio law, (4) retaliation in violation of Ohio law, (5) disability discrimination in violation of the Americans with Disabilities Act (ADA), (6) failure to accommodate in violation of the ADA, (7) disability discrimination in violation of Ohio law, and (8) failure to accommodate in violation of Ohio law. (*Id.* at #6–12).

The docket does not indicate when service was complete, but Defendant Greenwood Motor Lines answered the Complaint on August 18, 2025. (Doc. 3). There, instead of merely denying the allegations regarding discrimination, it went one step further—it denied that it was Woods' employer at all. (*Id.* at #38). Indeed, in the parties' Rule 26(f) report, one of the issues they list for discovery is whether Defendant is Plaintiff's employer. (Doc. 5, #44). Nevertheless, the Court issued a calendar order on September 18, 2025. (Doc. 6). That calendar order included a deadline for motions to amend—October 15, 2025. (*Id.*).

And on October 15, 2025, Woods filed an Amended Complaint on the docket. (Doc. 7). The Amended Complaint seeks to remedy the potential employer defect by adding another party, R+L Carriers Shared Services, LLC. (*Id.* at #51). On top of that, Woods added two new claims for racial discrimination and retaliation in violation of

3

42 U.S.C. § 1981. (*Id.* at #62–63). The problem, though, was that Woods simply filed his Amended Complaint on the docket; he didn't seek either Defendant's consent or leave from the Court, the two options that Federal Rule of Civil Procedure 15 provides for a plaintiff seeking to amend in the wake of a defendant's answer or Rule 12 motion. *See* Fed. R. Civ. P. 15(a)(2). So the Court struck the Amended Complaint and ordered Woods to comply with Rule 15 by requesting leave to amend from the Court. (10/17/25 Not. Order).

Woods promptly did so two days later, on October 19, 2025. (Doc. 8). But Greenwood Motor Lines now objects to that request as untimely, prejudicial, and futile. (Resp., Doc. 9). Woods replied, (Doc. 10), so the matter is ripe for the Court's review.

## LAW AND ANALYSIS

For the reasons explained further below, the Court grants Woods leave to amend his Complaint to add R+L Shared Services, LLC, as a joint employer and to add the two § 1981 claims.

Generally, a party may amend its pleading once as a matter of course, but only if it does so within a designated time period. *See* Fed. R. Civ. P. 15(a). In all other cases, it may amend only with the opposing party's consent or with leave of the Court. *Id.* Federal Rule of Civil Procedure 15(a)(2) provides that the Court "should freely give leave when justice so requires." But if the deadline for amending the pleadings set out in a Rule 16 scheduling order has passed, the movant must first show good cause for failing to meet the deadline under Rule 16(b), before the Court considers

4

the propriety of leave to amend under Rule 15(a). *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quotation omitted). But "[a]nother important consideration for a district court deciding whether Rule 16's 'good cause' standard is met is whether the opposing party will suffer prejudice by virtue of the amendment." *Leary*, 349 F.3d at 906 (citing *Inge*, 281 F.3d at 625). And on the prejudice front, "[d]elay, standing alone, is an insufficient basis for denying leave to amend, and this is true no matter how long the delay." *Wallace Hardware Co. v. Abrams*, 223 F.3d 382, 409 (6th Cir. 2000) (citation omitted). Rather, the delay must be coupled with some evidence of prejudice. *See id.* at #409–10; *Leary*, 349 F.3d at 909.

Even if the movant satisfies Rule 16's standard, he must also demonstrate that amendment is proper under Rule 15(a). *Leary*, 349 F.3d at 909. As to Rule 15, the "denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Some reasons that courts cite in denying leave to amend include undue delay or undue prejudice to the opposing party were amendment allowed. *Id.* But "Rule 15(a) provides a liberal standard of permitting amendments to ensure the determination of claims on their merits." *Mahdy v. Mason City Sch. Dist.*, No. 1:16-cv-845, 2017 WL 25504, at *2 (S.D. Ohio Jan. 3, 2017) (citing *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987)).

## A.    Rule 16

Start with the Rule 16 analysis. Greenwood Motor Lines objects because it claims Woods was not diligent in requesting leave to amend. (Doc. 9, #100–04). The Court disagrees. Yes, the deadline was October 15, 2025. (Doc. 6, #49). And yes, Woods technically filed his motion seeking to amend on October 19. (Doc. 8). But he actually filed his proposed Amended Complaint on October 15, within the deadline, even if he did not realize he needed to *move* to amend rather than simply file the Amended Complaint directly on the docket. In any event, Plaintiff's counsel had only recently received portions of the EEOC file, in which R+L Shared Services asserted it was Woods' employer. (Doc. 8, #74; Doc. 10, #160). Counsel acted promptly to amend once he was aware of that information. (Doc. 8, #74). So the Court finds Woods' counsel acted diligently in amending the complaint.

Of course, diligence in filing the motion to amend is not the only consideration; the Court must also consider any prejudice to the defendant. *Wallace Hardware Co.*, 223 F.3d at 409. But Greenwood Motor Lines cannot seriously argue that this four-day delay prejudiced it here. To the extent there is any delay in discovery, that is largely a result of the Court's delay in resolving this motion, not Woods' delay in requesting leave to amend. Thus, the Court finds that Woods meets Rule 16's requirements.

## B.    Rule 15

That leaves Rule 15. The touchstone for the Rule 15 analysis is its "liberal standard of permitting amendments to ensure the determination of claims on their

merits." *Mahdy*, 2017 WL 25504, at \*2 (citing *Marks*, 830 F.2d at 69). To ascertain whether "justice … requires" amendment under Rule 15(a)(2), the Court evaluates several factors: "delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990) (citation omitted).

The Court finds that none of these factors counsel against amendment here. The Court has already addressed the delay argument. Beyond that, Greenwood Motor Lines argues that amendment would be futile. (Doc. 9, #105–07). On that front, the "touchstone for assessing futility is whether the proposed amendment can survive a Rule 12(b)(6) motion to dismiss." (*Id.* at #105 (citing *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420–21 (6th Cir. 2000))). And here, the Court finds that Woods' Amended Complaint could survive such a motion, primarily because R+L Shared Services apparently has already *admitted* it was Woods' employer in the EEOC proceedings. (Doc. 8, #74). Simply put, the discrimination statutes on which Woods relies make employers liable, so his allegation that R+L Shared Services is his employer, coupled with the company's apparent admission on that front, suffices to clear the plausibility threshold. Moreover, Woods' confusion in instead naming Greenwood Motor Lines is also understandable. The EEOC issued its determination letter listing "R+L Carriers" as the Respondent. (Doc. 1-4, #24 (determination letter)). And "R+L Carriers is a registered tradename used by Greenwood Motor Lines, Inc."

7

(Doc. 8, #72).[2] It was only once Plaintiff's counsel received more of the EEOC file that he learned that R+L Shared Services, LLC, rather than R+L Carriers, was the proper employer, leading to the present amendment. (*Id.*). To be sure, whether the alleged discrimination actually occurred is an open question, and one that the Court will address at a later date. For now, though, this is enough to survive a Rule 12(b)(6) motion.

Defendant also argues that amendment is futile because the Amended Complaint fails to relate back to the original Complaint, so the claim is untimely as to R+L Shared Services. (Doc. 9, #106–07). Woods, on the other hand, contends that the Amended Complaint does relate back because R+L Shared Services had adequate notice of the suit, and the new claims arise out of the "same employment relationship and discriminatory conduct." (Doc. 8, #75–76). The Court, however, declines to answer the fact-specific inquiry of whether the Amended Complaint relates back at this stage, particularly given the unclear relationship between Greenwood Motor Lines and R+L Shared Services. The parties can raise that issue down the road, once the record is more fully developed.

For the time being, the Court simply finds no "substantial reason to deny leave," so it concludes leave to amend is warranted here. *Chulsky v. Golden Corral Corp.*, No. 1:19-cv-875, 2022 WL 3595251, at *3 (S.D. Ohio Aug. 23, 2022) (cleaned up).

---

[2] *See* Ohio Secretary of State, *Business Search*, last visited on April 20, 2026, https://businesssearch.ohiosos.gov/.

## CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion for Leave to Amend to File an Amended Complaint (Doc. 8). Accordingly, Plaintiff shall file his Amended Complaint on the docket.

**SO ORDERED.**

April 27, 2026

 **DATE**                                      **DOUGLAS R. COLE**
                                               **UNITED STATES DISTRICT JUDGE**